
FILED

2008 Apr-30  PM 02:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

MELISSA TAYLOR,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      CIVIL ACTION NO. 07-G-1549-NE
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
            Defendant.             )

## MEMORANDUM OPINION

The plaintiff, Melissa Taylor, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  <u>Bloodsworth</u>, at 1239.

## THE STANDARD FOR REJECTING
## THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted:  "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim."  <u>Hall v. Bowen</u>, 837 F.2d 272, 276 (6th Cir. 1988).  "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary."  <u>McGregor v. Bowen</u>, 786 F.2d 1050, 1053 (11th Cir. 1986); <u>accord</u> <u>Elam v. Railroad Retirement Bd.</u>, 921 F.2d 1210, 1216 (11th Cir. 1991).  In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...."  <u>McGregor</u>, 786 F.2d at 1053.  If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true.  <u>McGregor</u>, 786 F.2d at 1053; <u>Elam</u>, 921 F.2d at 1216.  The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence.  <u>See McGregor</u>, 786 F.2d at 1054; <u>cf.</u> <u>Hale v. Bowen</u>, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

2

# DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ, Patrick R. Digby, must be reversed and the action remanded for further development of the record.  The ALJ found that the plaintiff has the following severe impairments:  asthma; hypertension; and a history of pneumonia.  [R. 13].  The ALJ also found that:

> . . . results of pulmonary function tests do not show that the claimant either meets or equals the criteria needed to establish disability based on asthma as found at Section 3.03 of the Listing of Impairments.  The claimant's hypertension does not meet or equal the criteria needed to establish disability based on hypertensive cardiovascular disease as found at Section 4.03 of the Listing of Impairments.

[R. 14].

The plaintiff's treating physician, Keith P. Young, M.D., completed a "Pulmonary Residual Functional Capacity Questionnaire" on August 18, 2006.  Dr. Young found that the plaintiff could sit for 15 minutes at one time, and stand for five minutes at one time. [R. 193].  Dr. Young also stated that the plaintiff could sit for less than two hours during an eight-hour day, and that she could not walk a complete block without resting. [Id.].  According to Dr. Young, the plaintiff would have to take frequent unscheduled breaks during a normal workday, and must lie down during those breaks. [R. 193-194].  Finally, Dr. Young estimated that the plaintiff would likely be absent from work as a result of her impairments or treatment more than four times a month.  [R. 195].

In his decision, the ALJ found that because Dr. Young's RFC testimony "is

3

clearly not supported by treatment records" and therefore "is not entitled to any

evidentiary weight."  [R. 16].  Of particular concern to this court is that in the few months

before Dr. Young's RFC assessment, the plaintiff had been hospitalized four times.  As

stated by the ALJ:

> [T]he record consists of patient discharge instruction sheets from Huntsville
> Hospital submitted by the claimant's representative.  One discharge sheet,
> dated April 4, 2006, fails to give any diagnosis or any type of instructions.
> The next sheet is dated June 10, 2006 and indicates the claimant had been
> hospitalized <u>for an asthma exacerbation</u>.  Another sheet, dated July 24, 2006
> indicates she was admitted <u>for an asthma exacerbation</u>, and she was
> instructed to engage in activities as tolerated, but she would need to avoid
> outside activity and extreme heat.  The last discharge instruction
> sheet submitted by the claimant's representative is dated August 6, 2006 and
> indicates she was hospitalized <u>for chronic obstructive pulmonary disease</u>.
> <u>No hospital records whatsoever were submitted with these sheets, such as
> admission or discharge summaries, test results, laboratory reports, etc</u>.

[R. 16].(emphasis added)

The ALJ also found that the plaintiff "was afforded additional time (30

days) after the hearing to submit further records from Dr. Young and Huntsville Hospital,

but no further records were submitted, nor was any additional time requested."  [R. 17].

However, one important aspect of the Commissioners' duty to develop a fair and

complete record is his duty to recontact a claimant's treating physician.  The

Commissioner's regulations provide as follows:

> (e) Recontacting medical sources.  When the evidence we receive from your
> treating physician or psychologist or other medical source is inadequate for
> us to determine whether you are disabled, we will need additional
> information to reach a determination or a decision.  To obtain the
> information, we will take the following actions.

> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available.  We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.  We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source.  In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

20 C.F.R. § 404.1512(e).  "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record.  This obligation exists even if the claimant is represented by counsel, or has waived the right to representation."  Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)(citations omitted).

On remand, the Commissioner shall obtain all records from Huntsville Hospital regarding these four hospitalizations.  If the Commissioner is unsuccessful in obtaining these records, then the Commissioner is directed to notify this court, which will provide whatever assistance it can in procuring this evidence.  Because the ALJ completely discounted Dr. Young's RFC testimony as being unsupported by his treating notes, the ALJ shall also contact Dr. Young for a comprehensive explanation of his treatment records.  Specifically, the ALJ shall ask Dr. Young about his knowledge of the plaintiff's four hospitalizations leading up to Dr. Young's assessment in his response to

5

the Pulmonary Residual Functional Capacity Questionnaire.

On remand, the Commissioner shall consider the combined impact of all the plaintiff's impairments.  When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling.  In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).  After fully and fairly developing the record regarding the plaintiff's respiratory problems and the effect of the combination of the plaintiff's impairments, the Commissioner also shall elicit testimony from a vocational expert about the impact of the plaintiff's combination of impairments on her ability to work.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 30 April 2008.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

6